*1051039106*

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

Andrews

FILED IN DISTRICT COURT
OKLAHOMA COUNTY
NOV 1 2 2021
RICK WARREN
COURT CLERK
38_____

| | |
|---|---|
| ASHLEY NICOLE SCHNEIDER, Individually and as Representative of the Estate of JUSTIN JAMES SCHNEIDER, Deceased, and as Next Friend of R.L.M.S., E.N.D.S., C.J.R.S., All Minor Children, § § § § § § | |
| Plaintiff, § | |
| vs. § § | CJ 2021-4876 |
| CUSTOM TRUCK ONE SOURCE, LP; CUSTOM TRUCK & EQUIPMENT, LLC d/b/a CUSTOM TRUCK ONE SOURCE f/k/a UTILITY ONE SOURCE; § § § § § | |
| Defendants. § | |

## PETITION

Plaintiff Ashley Nicole Schneider, individually and as Representative of the Estate of Justin James Schneider, Deceased, and as Next Friend of their minor children Rebecca Lynn Mignon Schneider, Emily Nicole Dean Schneider, and Clara Jean Rose Schneider, for their causes of action for the death of Justin James Schneider against Defendants Custom Truck One Source, LP, Custom Truck & Equipment, LLC d/b/a Custom Truck One Source f/k/a Utility One Source (collectively referred to herein as the "Defendants"), state and allege as follows:

### I. PARTIES

1.  Plaintiff Ashley Nicole Schneider and her minor children Rebecca Lynn Mignon Schneider, Emily Nicole Dean Schneider, and Clara Jean Rose Schneider are citizens and residents of the State of Oklahoma, residing at 615 N. Booth Avenue, Elk City, Oklahoma

EXHIBIT
1

73644. Ashley Schneider is the surviving spouse of decedent Justin Schneider. Rebecca Lynn Mignon Schneider, Emily Nicole Dean Schneider, and Clara Jean Rose Schneider are the natural children of Justin and Ashley Schneider.

2. As the surviving spouse and natural children of the decedent, Plaintiffs are the proper parties to bring this action for the wrongful death of Justin Schneider under 12 Ok Stat. § 12-1053 for the class of persons identified therein.

3. Defendant **CUSTOM TRUCK ONE SOURCE, L.P.** (herein referred to as "CTOS") is a Delaware limited partnership whose home office is located at 7701 Independence Avenue, Kansas City, Jackson County, Missouri 64125 and may be served with process by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process at 7701 Independence Avenue, Kansas City, Jackson County, Missouri 64125.

4. Defendant **CUSTOM TRUCK & EQUIPMENT, LLC** (herein referred to as "CT&E" and when referred to with CTOS, both are referred to as the "Custom Truck Defendants") is a Missouri limited liability company whose home office is located at 7701 Independence Avenue, Kansas City, Jackson County, Missouri 64125 and may be served with process by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process at 7701 Independence Avenue, Kansas City, Jackson County, Missouri 64125. Upon information and belief, Defendant

"**CUSTOM TRUCK ONE SOURCE**" **f/k/a UTILITY ONE SOURCE** is a wholly owned subsidiary of CT&E and may also be a fictitious domestic name for CT&E.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter.

6. The Custom Truck Defendants also have substantial, systematic and continuous contact with this State such that the exercise of personal jurisdiction over each of them is appropriate.

7. Furthermore, The Custom Truck Defendants have purposefully availed themselves to the privilege of conducting business within this State and each has the requisite minimum contacts with this State such that maintenance of this suit does not offend traditional notions of fair play and substantial justice, and Defendants should reasonably anticipate being hauled into Court here.

8. Additionally, the Custom Truck Defendants have agreed that this is a court of proper jurisdiction in this matter. *See* **Exhibit A.**

9. Venue is proper in Oklahoma County pursuant to 12 Ok. Stat § 137 because the cause of action, or any part thereof, arose in Oklahoma County, and Defendants have agents in Oklahoma County.

## III. FACTS

10. On July 6, 2018, Justin James Schneider (herein referred to as "SCHNEIDER") was driving a 2009 Kenworth tractor-truck (converted to a utility truck with crane) westbound in the outside lane of Interstate 40 near Mile Marker 98 in or near Hinton, Caddo County, Oklahoma, when the front driver-side tire failed, causing him to veer through the cable barrier of the divided Interstate and into the eastbound lanes of Interstate 40 where his vehicle was struck

head-on by a 2011 International tractor-trailer and burst into flames killing SCHNEIDER (hereinafter referred to as the "Crash in Question").

11. On the day of, and within hours before, the Crash in Question, Defendant CT&E performed an Annual American National Standards Institute (ANSI) Inspection of the utility truck and tires at their facility located at 6725 SW 44th Street, Oklahoma City, Ok. 73179-6414. More specifically, pursuant to the ANSI regulations (codified in OSHA § 1926.1412) and the policies and procedures promulgated, mandated, and overseen by one or more of the other Defendants, Defendant CT&E (through one or more of Defendants' "qualified person[s]" as defined by § 1926.1412(d) allegedly performed an annual/comprehensive inspection of the tire in question "for damage or excessive wear" (per § 1926.1412(f)(2)(ix)) and "for proper inflation and condition" (per § 1926.1412(d)(ix)), and passed and approved the tire as "Acceptable, OK."

## IV. NEGLIGENCE OF DEFENDANTS

12. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 11 as if fully set forth herein.

13. Defendants were negligent in their (i) inspection and approval/passage of the dangerous and hazardous tire that later failed, causing the wreck; and/or (ii) information, policies, procedures, and/or standards regarding inspections; and/or (iii) hiring, education, training, supervision, quality assurance, and quality control.

14. As a direct and proximate result of the negligent acts and/or omissions of Defendants described herein, Mr. Schneider was killed and Plaintiffs have suffered damages for the pain and suffering Mr. Schneider endured between the time of his initial injury and the time of his death, pecuniary losses by reason of the death of Justin Schneider, funeral expenses and the loss of the reasonable value of the services, consortium, companionship, comfort, instruction,

guidance, counsel, training and support, as well as all other damages allowed under 12 Ok Stat. § 12-1053 and/or Oklahoma law.

15. The conduct of Defendants described herein showed a complete indifference to or conscious disregard for the safety of Justin Schneider and others, thereby entitling Plaintiff to punitive damages and/or damages for aggravating circumstances.

## V. NEGLIGENCE *PER SE* OF DEFENDANTS

16. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 15 as if fully set forth herein.

17. Pursuant to 47 Ok. St. § 13-101as well as the ANSI/OSHA regulations cited above, Defendants were negligent *per se* in their inspection of Mr. Schneider's utility truck, because they (i) performed an improper or incomplete vehicle and tire inspection; and/or (ii) promulgated or mandated improper or incomplete information, policies, procedures, and/or standards regarding inspections; and/or (iii) improperly or incompletely hired, educated, trained, supervised, and inspected the work of their employees or unqualified persons.

18. The above-referenced Oklahoma Statue and federal regulations were enacted and intended to protect Oklahoma motorists from the dangerous operation of vehicles such as the subject utility truck with dangerous and hazardous tires.

19. At the time of the negligence *per se* alleged above, Justin Schneider belonged to the class of persons those Oklahoma statute and federal regulations were enacted and intended to protect.

20. As a direct and proximate result of the above-described negligence *per se* of the Defendants, Justin Schneider was killed and Plaintiff has sustained the damages described above.

21. The conduct of the Defendants described herein showed complete indifference to or conscious disregard for the safety of Justin Schneider and others, thereby entitling Plaintiff to punitive damages and/or damages for aggravating circumstances.

## VI. VICARIOUS LIABILITY OF DEFENDANTS

22. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 21 as if fully set forth herein.

23. At all times relevant herein, the individual and/or individuals who inspected Mr. Schneider's utility truck in question were an agent, servant and/or employee of the Custom Truck Defendants.

24. At all times relevant herein, the individual and/or individuals who inspected Mr. Schneider's utility truck in question were acting within the scope and course of their agency, servitude and/or employment with the Custom Truck Defendants when the individual and/or individuals inspected Mr. Schneider's utility truck.

25. As such the individual and/or individuals who inspected Mr. Schneider's utility truck in question's principal, master and/or employer, the Custom Truck Defendants are vicariously liable for the death of Justin Schneider and all damages sustained by Plaintiff as a result of Defendants' negligence and/or negligence *per se* as described herein.

## VII. ALTER EGO/PIERCING THE CORPORATE VEIL LIABILITY

26. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 25 as if fully set forth herein.

27. At all relevant times, Defendant CTOS had complete control and domination of the finances, policy and business practices of Defendant CT&E, such that Defendant CT&E had no separate mind, will or existence of its own.

28.    Defendant CTOS used this control of Defendant CT&E to violate the duties owed to Justin Schneider described herein and to commit the wrongs described herein.

29.    More specifically, Defendant CTOS completely controlled the safety related information, policies and/or standards of its subsidiaries, including but not limited to, Defendant CT&E, including the information, policies, procedures, and/or standards regarding inspection hiring, education, training, supervision, quality assurance, and quality control such that Defendant CT&E did not have the power or authority to make its own safety related policies, requirements, standards or decisions and could do only what it was allowed or approved to do by Defendant CTOS.

30.    Furthermore, Defendant CTOS improperly used its corporate shell and the corporate shells of its subsidiary entities to intentionally and systematically internalize and withhold key safety-related information from Defendant CT&E so that Defendant CT&E was in the dark, oblivious to and ignorant of the information, did not act upon such information to improve the safety of its inspection practices and could claim plausible deniability in lawsuits like this of the vast internal safety-related knowledge of Defendant CTOS and the other Custom Truck subsidiaries to avoid what is certain to be the harsh judgment of the jury regarding its lack of action in light of what it knew or should have known.

31.    The conduct of Defendant CTOS described above and herein was willful, wanton, malicious and showed complete indifference to or conscious disregard for the safety of Justin Schneider and others, thereby entitling Plaintiff to punitive damages and/or damages for aggravating circumstances.

## VIII. DAMAGES:

32. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 31 as if fully set forth herein.

33. The foregoing acts and/or omissions of the Defendants were the direct and proximate causes of the wrongful death of Justin Schneider. Under 12 Ok Stat. § 12-1053, these damages include, but are not limited to, all allowable damages permitted under the law including, but not limited to the following:

    a. Medical and burial expenses;

    b. Damages for the pain and suffering of Justin Schneider;

    c. Damages for the mental anguish of Justin Schneider;

    d. Damages for each Plaintiff's mental anguish, in both past and future;

    e. Damages for past and future pain and suffering;

    f. Damages for each Plaintiff's loss of comfort, care, emotional support, love, companionship and society, counsel, consortium, in both past and future;

    g. Damages for each Plaintiff's pecuniary loss, including but not limited to earnings, inheritance, benefits, personal maintenance, and household services, in both past and future.

    h. Punitive and exemplary damages;

    i. Any other damages reasonably associated with Plaintiff's injuries; and,

    j. All damages allowed by law.

### IX: PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants for Wrongful Death, that the Court award Plaintiff a fair and reasonable amount to adequately compensate her for all of her damages, including punitive damages and/or damages

for aggravating circumstances, prejudgment interest, interest on the judgment, costs of this action and such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Jim Buxton

Jim Buxton, OBA #19057
BUXTON LAW GROUP
1923 N. Classen Blvd.
Oklahoma City, OK 73106
(405) 604-5577 – Telephone
(405) 604-5578 – Facsimile
jim@buxtonlawgroup.com
*Attorneys for Plaintiffs*

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**